
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH S. ALEXANDER, | No. 12-55930 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-08257-JVS-JEM |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants, | |
| JESUS FERNANDEZ, MD, FCI Victorville 1; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former federal prisoner Kenneth S. Alexander appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants failed properly to treat his hand injury. We have jurisdiction under 28 U.S.C § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Alexander failed to raise a genuine dispute of material fact as to whether his claims accrued after he filed his Chapter 7 bankruptcy petition or were abandoned or administered by the trustee. *See* 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action that accrued before Chapter 7 petition is filed are part of the estate vested in the trustee). Accordingly, Alexander is not the real party in interest and has no standing to pursue his claims. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); *see also Estate of Spirtos v. One San Bernadino Cnty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006)

2

(bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of estate).

The district court did not abuse its discretion in failing to consider Alexander's "supplemental objection" filed after entry of judgment. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (standard of review); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

**AFFIRMED.**